IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 15-cr-336-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **EDEN MORA MURILLO,**

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Eden Mora Murillo's *pro se* Motion for Compassionate Release ("Motion"). (ECF No. 729.) The Motion is fully briefed. (ECF Nos. 733, 737.) For the following reasons, the Court denies the Motion.

In September 2016, Murillo pleaded guilty to count one of the indictment, conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, and count six of the indictment, possession of a firearm during and in relation to a drug trafficking crime. (ECF No. 192 at 2.) He faced a guideline sentencing range of 360 years to life imprisonment on count one, and 120 months on count six, to be served consecutively. (ECF No. 317 at 1.) In June 2017, the Court sentenced him to an aggregate downward variant term of 324 months in prison, which constituted eight years less than the bottom of the advisory range. (*Id.* at 52.)

Murillo now seeks a sentence reduction based on the compassionate release statute. 18 U.S.C. § 3553(a). In support, he advances what appears to be five

extraordinary and compelling circumstances: (1) that his son has developed "leukemia cancer" and is being cared for by his "of age parents" who are "struggling"; (2) that he provided assistance to law enforcement to help fight against domestic terrorism; (3) that he faces a risk of danger as a result of providing that assistance; (4) that he has served his sentence during the "horrors of the entire COVID-19 pandemic"; and (5) that he has demonstrated rehabilitation. (*See generally* ECF No. 729.)

The Court will assume, without deciding, that Murillo has established that extraordinary and compelling circumstances justify his release. The Government basically acknowledges as much, asserting that some of "these circumstances do arguably apply to" Murillo. (ECF No. 733 at 4.) The Court especially credits the "substantial assistance" Murillo apparently provided to law enforcement in combatting terrorism by a group called the "Sureños," and the risk of danger he allegedly faces as a result. (ECF No. 729-1 at 4.) The Government concedes that this "cooperation may have been helpful, and [Murillo] may face danger as a result of his cooperation." (ECF No. 733 at 5.)

Nevertheless, the Court finds that the Section 3553(a) factors do not justify a sentence reduction. Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

The crimes to which Murillo pleaded guilty are serious. He was a leader and organizer of a methamphetamine distribution ring that transported at least 4.5 kilograms of drugs, and he carried a short-barreled Mossberg shotgun in furtherance of this criminal enterprise. (ECF No. 330 at 41–52.) Significantly, as the Court noted at the sentencing hearing, Murillo accomplished some of these crimes "from two pretrial detention facilities." (*Id.* at 46.) Moreover, he passed the names of a prosecutor, a pretrial service officer, and a United States Magistrate Judge to a "witch-doctor," presumably to do harm to those individuals. (*Id.* at 46–47.) And finally, he perpetrated a "vicious attack" on another inmate while he was incarcerated. After reviewing the video of this incident, the Court explained at sentencing that "the ferocity of this attack spoke volumes to me about the person who stands before me today. This is a person who has to be removed from society for a long, long time." (*Id.* at 49.)

The Court's view of the totality of the circumstances Murillo presents has not changed. Reducing Murillo's sentence—which was already a generous eight years below the bottom of the advisory range—would not adequately reflect the seriousness of his offenses, nor promote respect for the law or protect the public from further crimes of this defendant. *United States v. Salcedo*, 2023 WL 1434306, at *3 (D. Kan. Feb. 1, 2023).

For these reasons, the Motion is DENIED. (ECF No. 729.)

Dated this 2nd day of June, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge